*34 OPINION.
Smith:
Section 203(c) of the Revenue Act of 1926 provides:
If there is distributed, in pursuance of a plan of reorganization, to a shareholder in a corporation a party to the reorganization, stock or securities in such corporation or in another corporation a party to the reorganization, without the surrender by such shareholder of stock or securities in such a corporation, no gain to the distributee from the receipt of such stock or securities shall be recognized.
Article 1576, Regulations 69, cited by both the petitioner and the respondent, is as follows:
Receipt of stock or securities in reorganization. — If, without any surrender of his stock or securities, a shareholder in a corporation a party to a reorganization receives in pursuance of the plan of reorganization stock or securities *35 in such corporation or in another corporation a party to the reorganization, no gain to the shareholder will be recognized.
Section 203 (h) of the Revenue Act of 1926 defines the terms material to the issue in the case at bar, as used in section 203 (c), in the following language:
(1) The term “reorganization” means (A) a merger or consolidation (including the acquisition by one corporation .of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form or place of reorganization, however effected.
(2) The term “ a party to a reorganization ” includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation cf at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation.
The petitioner contends that the bonds received by decedent in 1926 as a stockholder of the Sandusky Cement Co. are exempt from income tax upon the ground that they were distributed to her " in pursuance of a plan of reorganization ” under section 203 (c) of the Revenue Act of 1926. Whether this be so depends upon the interpretation given to section 203 (h) (1) (A) of the Revenue Act of 1926 quoted above. In Pinellas Ice & Cold Storage Co. v. Commissioner, 287 U.S. 462, the Supreme Court, referring tp this language, said:
* * * The words within the parenthesis may not be disregarded. They expand the meaning of “ merger ” or “ consolidation ” so as to include some things which partake of the nature of a merger or consolidation but are beyond the ordinary and commonly accepted meaning of those words — so as to embrace circumstances difficult to delimit but which in strictness cannot be designated as either merger or consolidation. But the mere purchase for money of the assets of one Company by another is beyond the evident purpose of the provision, and has no real semblance to a merger or consolidation. Certainly, we think that to he within the exemption the seller must acquire an interest in the affairs of the purchasing company more definite than that incident to ownership of its short term purchase money notes. This general view is adopted and well sustained in Cortland Specialty Co. v. Commissioner of Internal Revenue, 60 E. (2d) 937, 939, 940. It harmonizes with the underlying purpose of the provisions in respect of exemptions and gives some effect ¡to a)l the words employed. [Italics supplied.]
From our findings it is to be noted that the Sandusky Cement Co. acquired all of the capital stock and bonds of the Railway Co. in 1922. This was an .outright purchase. The stockholders and bondholders of the Railway Co, received cash and short term notes in payment for the securities sold, They did not acquire any *36 interest in the affairs of the purchasing company. The 3,000 shares of par value stock of the Railway Co. were changed into a like number of shares of no par value and a new issue of bonds supplanted the old issue. But this was not a part of the original plan and although it might be a reorganization of the Railway Co. under section 203 (h) (1) (C), nevertheless, it is not the reorganization relied upon by the petitioner and would not support petitioner’s case in any event. Most of the capital stock of the Railway Co. was distributed to the Cement Co.’s stockholders in 1925 and the bonds were distributed to the stockholders in 1926. There was clearly no “ reorganization ” of the companies within the interpretation of the pertinent language of section 203 (h) (1) of the Revenue Act of 1926 as interpreted by the Supreme Court.
It appears to us that there is no ground for holding the decedent exempt from income tax in respect of the fair market value of the bonds received, the value of which is not in question. The decision of the United States Supreme Court in United States v. Phellis, 257 U.S. 156, is determinative of this issue.
Reviewed by the Board.

Judgment will be entered for the respondent.

Trammell dissents.